```
                UNITED STATES DISTRICT COURT
                    DISTRICT OF VERMONT
```

| | |
|---|---|
| ELIZABETH AND MATTHEW MOFFITT  : | |
| : | |
| v.                           : | |
| : | |
| ICYNENE, INC. and            : | CIV. NO. 1:04CV115 |
| NICHOLAS KRYWAKA, dba        : | |
| Environmental Foam of Vermont, and : | |
| ENVIRONMENTAL FOAM OF VERMONT, INC. : | |
| _____: | |

                RULING ON MOTIONS FOR SUMMARY JUDGMENT
                        (Papers 106 and 114)

In their three-count Third Amended Complaint (Paper 113), the plaintiffs allege the defendants damaged their home by installing inappropriate insulation, thereby violating applicable provisions of Vermont's Uniform Commercial Code (Count I), the federal Magnuson-Moss Warranty Act (Count II), and the Vermont Consumer Fraud Act (Count III). The plaintiffs' allegation concerning jurisdiction and the amount in controversy in this case is as follows:

> Jurisdiction over [sic] is provided by the Magnuson-Moss Warranty Act of 1974, 15 U.S.C. § 2310(d). Supplemental jurisdiction over state law claims is provided by § 2310 as well as the provisions of 28 U.S.C. § 1367. The claim is in excess of $75,000, and therefore diversity jurisdiction is also provided under 28 U.S.C. § 1332(a)(3). Paper 113 at para. 4.

In addition, the plaintiffs seek punitive damages under applicable Vermont law and request "all remedies available at law or in equity, plus prejudgment and post judgment interest, and costs." Paper 113 at paras. 25-26.

1

This case has been pending for approximately two years, and all discovery has been completed.  In fact, a jury already has been selected, and the matter is scheduled for trial to commence on April 17, 2006.  Nevertheless, the defendants have filed motions to dismiss, or in the alternative, for summary judgment, based on the "recently-made-obvious" fact that the plaintiffs have failed to demonstrate their case meets the amount in controversy to permit this Court to continue exercising either federal or diversity jurisdiction.  See Fed. R. Civ. P. 12(h)(3)("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.")(emphasis added).

The Court may grant summary judgment only where there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law.  See Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  The moving party has an initial burden of informing the Court of the basis for its motion for summary judgment and of identifying the absence of a genuine issue of material fact. See, e.g., Carlton v. Mystic Transp., Inc., 202 F.3d 129, 133 (2d Cir. 2000).  Where, as here, a motion for summary judgment is supported by affidavits and other documentary evidence, however, the opposing party must set forth specific facts showing there is a genuine, material issue for trial.  See Forsyth v. Fed.

2

Employment & Guidance Serv., 409 F.3d 565, 569-70 (2d Cir. 2005); Rexnord Holdings, Inc. v. Bidermann, 21 F.3d 522, 526 (2d Cir. 1994).

Stated another way, a court's role when considering a motion for summary judgment is to determine whether there are genuine unresolved issues of material fact to be tried.  See, e.g., Patterson v. County of Oneida, 375 F.3d 206, 219 (2d Cir. 2004); Gibson v. Am. Broad. Co., Inc., 892 F.2d 1128, 1132 (2d Cir. 1989).  Only disputes over material facts which might affect the outcome of the suit under the governing law preclude the entry of summary judgment.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  Moreover, a dispute of fact is not "genuine," and does not preclude the entry of summary judgment, if the evidence is not sufficient to permit a jury to find in the moving party's favor.  Id.  "The mere existence of a scintilla of evidence in support of the plaintiff's position [is] insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."  Id. at 252; see Aetna Cas. & Sur. Co. v. Aniero Concrete Co., Inc., 404 F.3d 566, 574 (2d Cir. 2005).

The plaintiffs rely alternatively on federal statute and diversity jurisdiction.  The defendants argue it now has become apparent that both claims of jurisdiction are flawed.

The Magnuson-Moss Warranty Act states the Court lacks jurisdiction over the plaintiffs' claim "if the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit. . . ."  15 U.S.C. § 2310(d)(3)(B).  The defendants argue this case involves an actual damages claim of less than $50,000.  See, e.g., Icynene's Statement of Undisputed Material Facts (Paper 107) at paras. 4 and 5 (plaintiffs' "hard damages" against Icynene are $48,000); Krywaka's Statement of Undisputed Material Facts (Paper 115) at para. 3 (plaintiffs' Magnuson-Moss damages claimed to be $48,930).  The plaintiff disputes defendants' computations, arguing the inclusion of miscellaneous damages inadvertently omitted from the parties' Pretrial Memorandum, as well as their claim for punitive damages available under state law, supports federal jurisdiction.  See generally Plaintiffs' Response (Paper 117).

For a federal court to assume jurisdiction under Magnuson-Moss, the amount in controversy, "for all claims aggregated" must equal or exceed $50,000.  See Lieb v. Am. Motors Corp., 538 F. Supp. 127, 131 (S.D.N.Y. 1982).  Courts have construed this ambiguous provision as only permitting aggregation of a litigant's Magnuson-Moss Act claims when determining if the $50,000 threshold has been met; damages permitted under a pendent

state law claim cannot be considered.  See <u>Donahue v. Bill Page Toyota, Inc.</u>, 164 F. Supp. 2d 778 (E.D. Va. 2001).

Accordingly, assuming without deciding that the plaintiffs can pursue a claim for punitive damages under state law, it does not appear they can rely on their state law punitive damages claim to meet the $50,000 jurisdictional requirement.  See <u>Poindexter v. Morse Chevrolet, Inc.</u>, 270 F. Supp. 2d 1286, 1289 (D. Kan. 2003).

Nevertheless, the plaintiffs alleged, presumably in good faith, that the damages they seek total over $75,000.  See <u>Kelly v. Fleetwood Enters., Inc.</u>, 377 F.3d 1034, 1037 (9th Cir. 2004) ("As with suits in diversity, we look no farther than the pleadings to determine the amount in controversy" absent a legal certainty that the claim cannot meet the statutory threshold.). The defendants themselves admit that the plaintiffs' Magnuson-Moss claim is at least $48,000, thereby making credible the plaintiffs' assertion that their planned evidence at trial will bring their damages claim over $50,000.  Cf. <u>Hall v. Earthlink Network, Inc.</u>, 396 F.3d 500, 507 (2d Cir. 2005) (in a diversity case, the court stated, <u>inter alia</u>, that where there was no evidence adduced during discovery that an amount in controversy allegation was made in bad faith, "there was no reason for the district court to recalculate the amount in controversy and

decline jurisdiction over the actual damages claim based on a post-filing event in the case.").

The Court finds the plaintiffs have adequately alleged jurisdiction under the Magnuson-Moss Warranty Act.  The Motions to Dismiss or for Summary Judgment based upon the lack of federal jurisdiction are DENIED.  As the Court may exercise supplemental jurisdiction over the state law claims, the defendants' remaining jurisdictional claims are denied as well.

SO ORDERED.

Dated at Brattleboro, Vermont, this 30th day of March, 2006.

/s/ J. Garvan Murtha
J. Garvan Murtha
United States District Judge
